**Randall G. ANGEL, Plaintiff—Appellant,**

v.

**John DOTSON; et al., Defendants—Appellees.**

**No. 03–15010.**

United States Court of Appeals, Ninth Circuit.

Submitted June 9, 2003.*

Decided June 19, 2003.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed.

R.App. P. 34(a)(2).

Before: RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM **

Former Nevada state prisoner Randall G. Angel appeals pro se the district court orders granting summary judgment in his 42 U.S.C. § 1983 action alleging constitutionally inadequate medical treatment following his arrest. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo, *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir.2000) (en banc), and we affirm.

■ The district court properly granted summary judgment on Angel's claim that police officers Woodard and Laffins acted with deliberate indifference to his serious medical needs, because Angel presented no evidence that the officers knew of and disregarded Angel's head injury when they arrested him. *See Farmer v. Brennan*, 511 U.S. 825, 835, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). It followed that the chief of police and the City were also

** This disposition is not appropriate for publication and may not be cited to or by the

entitled to summary judgment. *See Mabe v. San Bernardino County, Dept. of Pub. Soc. Svcs.*, 237 F.3d 1101, 1111 (9th Cir. 2001); *Lee v. City of Los Angeles*, 250 F.3d 668, 681 (9th Cir.2001).

■ The district court properly granted summary judgment on Angel's claim that he was misdiagnosed by jail medical personnel because a difference of medical opinion is insufficient to withstand summary judgment. *See Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir.1996). Consequently, Angel's associated claims against the jail medical personnel's supervisor also fail. *See Quintanilla v. City of Downey*, 84 F.3d 353, 355 (9th Cir.1996).

Contrary to Angel's contention, the district court did not abuse its discretion in granting summary judgment before discovery was complete, because Angel did not indicate what evidence could have been discovered that would have created a genuine issue of material fact. *See Klingele v. Eikenberry*, 849 F.2d 409, 412 (9th Cir. 1988).

**AFFIRMED.**

courts of this circuit except as provided by Ninth Circuit Rule 36–3.